## WATERS vs. MOSS, Trustee.

*Sixth District Court for Sacramento Co., November, 1857.*

### DAMAGES—NEGLIGENCE.

In an action of trespass to recover damages for injury sustained, the plaintiff must not only prove that it resulted from the negligence of the defendant, but also that it was in no wise, however slightly, the consequence of his own carelessness or passiveness.

The facts are sufficiently set forth in the opinion.

BOTTS, J.—This is an action of trespass, in which the plaintiff claims damages for the loss of a horse, killed by the careless and negligent conduct of the defendant's servants, while engaged in and about defendant's business. A jury having been waived, the facts as well as the law were submitted to the judgment of the court.

As matter of fact I find that on the —— day of —— 1857, the defendant was in the possession of the franchises, and other property of the Sacramento Valley Railroad Co., and was engaged in running the cars and engines on said road between the towns of Sacramento and Folsom ; that on the said day the horse of the plaintiff fell on said track and was struck and killed by said cars under the control and management of the defendants' servants ; that the accident occurred at a point three or four hundred yards from the place at which the county road crosses the railroad, at an hour at which the cars pass daily this portion of the road ; that the plaintiff's horse was wandering along the public road without superintendent or conductor ; that the horse being frightened by the approach of the engine and cars left the public road and went upon the track of the rail road ; that the horse fell in the attempt to leap over an open culvert in the road about fifteen feet wide ; that this culvert was negligently and improperly left uncovered by the defendant ; that the culvert was the remote cause of the horse's death, and that the accident might not have occurred had the culvert been closed at the top ; that the engineer in conducting the train used all possible care and diligence to prevent the accident ; that the accident was in part attributable to the negligence and carelessness of the plaintiff himself ; that the horse was worth four hundred and fifty dollars.

I take the common law to be, that to enable the plaintiff to recover in an action of this kind, he must be free from blame himself ; that is, if the occurrence complained of resulted partly from the carelessness of the plaintiff, and partly from the unskillful and negligent conduct of the defendant, the plaintiff shall not recover. The law requires a man to use reasonable care and caution to prevent injuries of an accidental character occurring to his property : it will not permit a man relying upon legal redress to fold his arms and suffer an injury which by prudence he might avoid. No matter how slightly this passiveness or imprudence may have contributed to the occurrence, if it contributed at all, the common law affords the sufferer no redress. This rule may seem to be a harsh one ; but it certainly has a tendency to quicken the wits of the community, and to prevent litigation. Be that as it may, it is the rule, and all we have to do is to determine its applicability to this case. The plaintiff permitted his horse to stray toward that part of the railroad which is crossed by the highway, which is common to the use of the public and the company, at an hour in the day when the cars usually passed, at a rapid rate over that portion of the road ; and in this he was certainly careless and imprudent. If the horse had been attended by the plaintiff himself and under his control, it would have been equally his duty as that of the engineer to look out for and avoid a collision ; and if he will leave a poor brute without the guide of reason to incur such perils, he at least cannot complain of the consequences.

It is urged that great public inconvenience would result from. the establishment of a rule that would require the owners of cattle along the line of a railroad to keep a look-out for the preservation of their stock. This may be a circumstance to induce the legislature to abolish railroads, or to encumber them with such conditions as may render this supervision upon the part of the graziers unnecessary, but it can have no weight with a court, whose duty is to construe the law without regard to the inconvenience that may result to any or all classes of the community.

Let judgment be entered for the defendant.